ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF LANCASTER | ) | SIXTH JUDICIAL CIRCUIT |
| | ) | |
| **Paul Morphy** | ) | |
| | ) | |
| Plaintiff, | ) | **Amended Summons** |
| | ) | (Jury Trial Demanded) |
| v. | ) | |
| | ) | |
| **Willie Davis**, individually and/or in his official capacity as warden at Trenton Correctional Institution; **Gary Lane**, individually and/or in his official capacity as warden at Kershaw Correctional Institution; and **John Does 1-9**, individually and/or in their official capacities as employees of the South Carolina Department of Corrections; and the **South Carolina Department of Corrections**. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**To:    The Defendants above-named**

**You are hereby summoned** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: 06/29/2020

s/ Jason Scott Luck
Jason Scott Luck
jluck@garrettlawsc.com
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
843.554.5515 (phone)
843.747.3198 (telefax)
**Attorney for Plaintiff**

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF LANCASTER ) | SIXTH JUDICIAL CIRCUIT |
| ) | |
| **Paul Morphy** ) | |
| ) | No. 2020-CP-29-00643 |
| Plaintiff, ) | |
| ) | **Amended Complaint** |
| v. ) | (Jury Trial Demanded) |
| ) | |
| **Willie Davis**, individually and/or in his ) | |
| official capacity as warden at Trenton ) | |
| Correctional Institution; **Gary Lane**, ) | |
| individually and/or in his official capacity ) | |
| as warden at Kershaw Correctional ) | |
| Institution; **John Does 1-9**, individually ) | |
| and/or in their official capacities as ) | |
| employees of the South Carolina ) | |
| Department of Corrections; and the **South** ) | |
| **Carolina Department of Corrections**. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff alleges the following:

1. Plaintiff Paul Morphy (SCDC # 242176) is a resident of Lancaster County, South Carolina.

2. Defendant Willie Davis was, at all times material to the allegations herein, the warden of Trenton Correctional Institution, a subdivision of the South Carolina Department of Corrections ("SCDC"), and, at all times material to the allegations in this Complaint, was acting individually and/or as an agent and/or employee in the course and scope of his official duty with SCDC, and was at all times herein charged with the management of all staff regarding hiring, training, promotion, discipline, evaluation and firing; maintaining a safe working environment; monitoring compliance with all state policies and procedures; overseeing prison programs in education, mental health and infirmary; enforcing rules, regulations, policies, and laws regarding incarceration and employee conduct; enforcing

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

policies regarding intake, classification, treatment programs and discipline; maintaining a proper system for the proper care, humane treatment, feeding, clothing, and safety of inmates.

3. Defendant Gary Lane was, at all times material to the allegations herein, the warden of Kershaw Correctional Institution, a subdivision of the South Carolina Department of Corrections ("SCDC"), and was at all times herein charged with the management of all staff regarding hiring, training, promotion, discipline, evaluation and firing; maintaining a safe working environment; monitoring compliance with all state policies and procedures; overseeing prison programs in education, mental health and infirmary; enforcing rules, regulations, policies, and laws regarding incarceration and employee conduct; enforcing policies regarding intake, classification, treatment programs and discipline; maintaining a proper system for the proper care, humane treatment, feeding, clothing, and safety of inmates.

4. Defendants John Does 1-9 are or were employees or agents of SCDC at either Trenton Correctional Institution and/or Kershaw Correctional Institution. John Does 1-9 could encompass multiple potential defendants, each of which "whose true name is unknown." John Does 1-9 are named pursuant to Rule 10(a)(1), SCRCP, and Plaintiff will amend this pleading when any or all of their true names are discovered.

5. Defendant South Carolina Department of Corrections (formerly John Doe # 10) is a "governmental entity" organized and existing under the laws of the State of South Carolina and within the meaning of the South Carolina Tort Claims Act, S.C. Code § 15-78-30(d).

## Background

6. In 2017, Paul Morphy was incarcerated at Trenton Correctional Institution ("TCI"), a prison operated by SCDC.

7. At approximately 3:30 am on April 21, 2017, Morphy was assaulted by fellow inmates in Dorm 3 of TCI. These inmates hit him about his face and head with unknown objects (upon information and belief, contraband) causing several lacerations to his nose, chin and mouth and knocking one of his teeth loose.

8. Morphy was found by TCI corrections officers shortly thereafter; Morphy noted to these officers he was experiencing significant weakness and pain in his neck as a result of the assault.

9. These officers (potential John Doe Defendant(s)) moved Morphy to an administrative building and left him there under observation by corrections officers.

10. From his transportation to an administrative building until 8:45 a.m., prison staff (potential John Doe Defendant(s)) provided Morphy with no medical care for his injuries.

11. At approximately 8:45 a.m., Morphy was finally seen by a nurse (a potential John Doe Defendant), but received no pain medication. He was then moved not to the medical unit of TCI, but back to the RHU, where the inmates who assaulted him resided.

12. Morphy was not evaluated by medical staff (potential John Doe Defendant(s)) until April 23, 2017, approximately two days later, when he began a three-day administration of ibuprofen and was told he would receive an x-ray and dental treatment.

13. TCI's medical staff (potential John Doe Defendant(s)) admitted in their treatment notes on April 24, 2017, that a three-day administration of ibuprofen was insufficient for Morphy's injuries.

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

14. Morphy did not receive an x-ray until April 26, 2017; this x-ray confirmed damage to his neck; upon information and belief, this damage was exacerbated or caused by his April 21, 2017, assault.

15. Morphy did not receive dental care until May 9, 2017; his dental examination confirmed damage to his tooth; upon information and belief, this damage was exacerbated or caused by his April 21, 2017, assault.

16. Morphy was never examined by a doctor at TCI after his April 2017 assault.

17. On May 11, 2017, Morphy was transferred to Kershaw Correctional Institution ("KCI"), a prison operated by SCDC.

18. When he arrived at intake at KCI, Morphy made a request to SCDC staff (potential John Doe Defendant(s)) to see a doctor for the injuries he sustained in the April 2017 attack.

19. Morphy made subsequent requests to SCDC staff (potential John Doe Defendant(s)) to see a doctor for the injuries he sustained in the April 2017 attack.

20. As of November of 2019, Morphy has not been examined by a doctor for the injuries he sustained in the April 2017 attack.

21. Morphy initiated the grievance process for SCDC staff's failures to provide him adequate and timely medical care, and for failing to protect him. These grievances have been finally reviewed, and he has thus exhausted all administrative remedies regarding the allegations of this complaint.

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

## For a First Cause of Action
(42 U.S.C. § 1983)
(All Defendants except SCDC)

22. Plaintiff repeats and realleges his previous paragraphs as if restated fully verbatim herein.

23. Defendants acted in a negligent, grossly negligent, reckless, willful, wanton, and with a deliberate indifference in causing injury to the Plaintiff in the following particulars:

   a. In allowing uncontrolled violence in their correctional institutions;

   b. In failing to provide protection and security for the Plaintiff;

   c. In failing to properly train officers to respond to attacks such as occurred to the Plaintiff;

   d. In failing to have a sufficient number of trained correctional officers to adequately respond to incidents such as what occurred to Plaintiff;

   e. In employing employees who were contributory to the violence in the prison;

   f. In allowing inmate(s) to have dangerous weapons;

   g. In failing to conduct sufficient and appropriate inspections of the dorms to prevent inmates from obtaining weapons;

   h. In violating the separation policy by housing the inmates who have had prior problems in the same institutions and/or dorms and/or wings;

   i. In violating the classification policy by placing the inmates who are not properly classified in the same room (cell), dorm or wing;

   j. In failing to provide necessary, appropriate and proper medical and mental health care to the inmates;

   k. In failing to punish and correct instances of weapons possession after an inmate is apprehended with or uses a weapon;

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

l.  In failing to discipline its correctional officers for violations of SCDC policies and procedures;

m. In negligently supervising employees by failing to provide proper training in investigating, searching for and preventing inmates from obtaining and possessing dangerous weapons;

n.  In committing acts and/or omissions where Defendants knew or should have known that such acts and/or omissions would allow or facilitate inmate on inmate attacks, beatings, stabbings and robbery of other inmates;

o.  In failing to properly investigate the complicity of correctional officers and/or their participation in a culture that allows certain individuals (inmates) to be targeted and harmed;

p.  In allowing, without punishment, violent acts to occur in the correctional institution thereby creating a culture of violence;

q.  In allowing, after notification, robberies, beatings, stabbings, possession of contraband weapons, and other violations to occur by "turning a blind eye" to such violations and failing to take corrective actions to prevent such violations;

r.  In preparing weekly, monthly, quarterly, and/or yearly reports which detail incidents of violence, such as, but not limited to, robberies, beatings, stabbings, possession of contraband weapons, and other such violations, which show the need for corrective actions and not taking the appropriate corrective actions;

s.  In allowing chronic understaffing of corrections officers and medical staff, resulting in inmate assaults and inadequate medical care;

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

    t. In failing to prosecute all violations of the law in reference to the treatment of convicts as mandated by South Carolina law;

    u. In such other particulars as set forth in the March 2018 Security Staffing Assessment of Tom Roth[1] (incorporated herein by reference), which, *inter alia*, sets forth on pages 191 to 210 the significant staffing deficiencies at Kershaw Correctional Institution; and

    v. In such other particulars as the evidence at trial will show.

24. In committing the acts and omissions herein, these Defendants acted individually under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of South Carolina including but not limited to: 1) due process of law and 2) the right to be free from cruel and unusual punishment.

25. In violating Plaintiff's rights as set forth above and other rights, these Defendants caused Plaintiff to suffer actual, consequential, and special damages as alleged in this Complaint and Plaintiff is entitled to relief under 42 U.S.C. § 1983.

26. As a direct and proximate result of these Defendants' acts and omissions, Plaintiff is entitled to actual, consequential, and punitive damages against these Defendants. Plaintiff is also entitled to his attorneys' fees and costs.

---

[1] *Available at* https://ecf.scd.uscourts.gov/doc1/163111184501 (last visited April 17, 2020).

## For a Second Cause of Action
(42 U.S.C. § 1983)
(All Defendants except SCDC)

27. Plaintiff repeats and realleges his previous paragraphs as if restated fully verbatim herein.

28. Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, including, among other things, of failing to prevent inmates from obtaining and possessing dangerous weapons.

29. The failure of Defendants to adequately train and supervise their employees amounts to a deliberate indifference to the rights of Plaintiff to be free from the threat to his life under the Amendments to the Constitution of the United States.

30. In committing the acts and omissions herein, these Defendants acted individually under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of South Carolina including but not limited to: 1) due process of law and 2) the right to be free from cruel and unusual punishment.

31. In violating Plaintiff's rights as set forth above and other rights, these Defendants caused Plaintiff to suffer actual, consequential, and special damages as alleged in this Complaint and Plaintiff is entitled to relief under 42 U.S.C. § 1983.

32. As a direct and proximate result of these Defendants' acts and omissions, Plaintiff is entitled to actual, consequential, and punitive damages against these Defendants. Plaintiff is also entitled to his attorneys' fees and costs.

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

### For a Third Cause of Action
(Deliberate Indifference to Serious Medical Needs)
(42 U.S.C. § 1983)
(All Defendants except SCDC)

33. Plaintiff repeats and realleges his previous paragraphs as if restated fully verbatim herein.

34. As set forth above, on or about April 21, 2017, Defendants left the grievously injured Morphy in an administrative building, then the RHU, for hours without medical assistance, and years without being examined by a doctor.

35. Defendants' deliberate indifference to Morphy's condition after his assault, and consequential delay in obtaining treatment for him, led to an unnecessary and wanton infliction and prolonging of pain upon Morphy.

36. Defendants' years of deliberate indifference to Morphy's condition was so grossly incompetent, inadequate, and/or excessive so as to shock the conscience to or be intolerable to fundamental fairness.

37. Defendants' conduct, undertaken in their personal capacity, was committed under color of state law.

38. At the time of Defendants' conduct, it was clearly established that their conduct violated Morphy's rights under the Eighth Amendment of the United States Constitution.

39. As a direct and proximate result of Defendants' conduct, Morphy was injured as described previously in this pleading.

40. Morphy is entitled to actual damages, punitive damages, attorneys' fees, and costs in an amount to be determined by the trier of fact.

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

### For a Fourth Cause of Action
(Conditions of Confinement)
(42 U.S.C. § 1983)
(All Defendants except SCDC)

41. Plaintiff repeats and realleges his previous paragraphs as if restated fully verbatim herein.

42. As set forth above, on or about April 21, 2017, Defendants left the grievously injured Morphy in an administrative building, then the RHU, for hours without medical assistance, and years without being examined by a doctor.

43. Morphy's conditions of confinement in the administrative building and RHU resulted in an extreme deprivation of his basic human needs.

44. These conditions of confinement resulted in serious and significant pain and physical and emotional injury.

45. Defendants' conduct, undertaken in their personal capacity, was committed under color of state law.

46. At the time of Defendants' conduct, it was clearly established that their conduct violated Morphy's rights under the Eighth Amendment of the United States Constitution.

47. As a direct and proximate result of Defendants' conduct, Morphy was injured as described previously in this pleading.

48. Morphy is entitled to actual damages, punitive damages, attorneys' fees, and costs in an amount to be determined by the trier of fact.

### For a Fifth Cause of Action
(Negligence/Gross Negligence/Recklessness/Wantonness)
(Defendant SCDC)

49. Plaintiff repeats and realleges his previous paragraphs as if restated fully verbatim herein.

50. Defendant SCDC is liable for the acts of its employees, as they were acting within the course and scope of their official duties pursuant to S.C. Code § 15-78-10, *et seq.*

51. Defendant SCDC, the employees named within this complaint, and other unknown agents and/or employees of SCDC acted in a negligent, grossly negligent, reckless, willful and wanton manner in causing injury to the Plaintiff in the following particulars:

   a. In allowing uncontrolled violence in the correctional institution(s);

   b. In failing to provide protection and security for the Plaintiff;

   c. In failing to provide medical care in a timely fashion;

   d. In failing to properly train officers and medical staff to respond to attacks such as occurred to the Plaintiff;

   e. In failing to have a sufficient number of trained correctional officers and medical staff to adequately respond to incidents such as what occurred to Plaintiff;

   f. In employing employees who were contributory to the violence in the prison(s);

   g. In allowing inmates to have dangerous weapons;

   h. In failing to conduct sufficient and appropriate inspections of the dorms to prevent inmates from obtaining weapons;

   i. In failing to provide necessary, appropriate and proper medical and mental health care to the inmates;

   j. In failing to punish and correct instances of weapons possession after an inmate is apprehended with or uses a weapon;

k. In failing to discipline its correctional officers for violations of SCDC policies and procedures;

l. In negligently supervising its employees by failing to provide proper training in investigating, searching for, and preventing inmates from obtaining and possessing dangerous weapons;

m. In committing acts and/or omissions where Defendants knew or should have known that such acts and/or omissions would allow or facilitate inmate on inmate attacks, beatings, stabbings and robbery of other inmates;

n. In failing to properly investigate the complicity of correctional officers and/or their participation in a culture that allows certain individuals (inmates) to be targeted and harmed;

o. In allowing, without punishment, violent acts to occur in the correctional institution thereby creating a culture of violence;

p. In allowing, after notification, robberies, beatings, stabbings, possession of contraband weapons, and other violations to occur by "turning a blind eye" to such violations and failing to take corrective actions to prevent such violations;

q. In preparing weekly, monthly, quarterly, and/or yearly reports which detail incidents of violence, such as, but not limited to, robberies, beatings, stabbings, possession of contraband weapons, and other such violations, which show the need for corrective actions and not taking the appropriate corrective actions;

r. In generally violating the separation policy by housing the inmates who have had prior problems in the same institutions and/or dorms and/or wings;

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

ELECTRONICALLY FILED - 2020 Jun 29 2:32 PM - LANCASTER - COMMON PLEAS - CASE#2020CP2900643

    s. In generally violating the classification policy by placing the inmates who are not properly classified in the same room (cell), dorm or wing; and

    t. In failing to prosecute all violations of the law in reference to the treatment of convicts as mandated by South Carolina law;

    u. In such other particulars as set forth in the March 2018 Security Staffing Assessment of Tom Roth,[2] incorporated herein by reference; and

    v. In such other particulars as the evidence at trial will show.

52. As a direct and proximate result of these grossly negligent, reckless, and/or wanton acts of SCDC, Plaintiff was injured and damaged and is entitled to actual & consequential damages.

**Wherefore**, Plaintiff prays for the following relief against the Defendants, jointly and severally as appropriate:

    a. Actual, consequential, and punitive damages in an amount to be proved at trial;

    b. Damages for any disfigurement and disability;

    c. Damages for Plaintiff's pain and suffering, emotional distress, humiliation, anguish, anxiety, and embarrassment;

    d. Attorney's fees and costs; and

    e. Such additional relief as this Court deems appropriate in the circumstances.

Dated: 06/29/2020

    s/ Jason Scott Luck
    Jason Scott Luck
    jluck@garrettlawsc.com
    Garrett Law Offices, LLC
    1075 E. Montague Ave.
    North Charleston, SC 29405
    843.554.5515 (phone)
    843.747.3198 (telefax)
    **Attorneys for Plaintiff**

---

[2] *Available at* https://ecf.scd.uscourts.gov/doc1/163111184501 (last visited April 17, 2020).