# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ROCK HILL DIVISION

| | |
|---|---|
| Paul Morphy, ) | |
| ) | Civil Action No. 1:20-02788-JMC-SVH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Willie Davis, individually and/or in his ) | **AMENDED ANSWER TO** |
| official capacity as warden at Trenton ) | **AMENDED COMPLAINT OF** |
| Correctional Institution; Gary Lane, ) | **DEFENDANTS DAVIS AND SCDC** |
| individually and/or in his official capacity ) | **(Jury Trial Requested)** |
| as warden at Kershaw Correctional ) | |
| Institution; and John Does 1-9, individually ) | |
| and/or in their official capacities as ) | |
| employees of the South Carolina ) | |
| Department of Corrections; and the ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Defendants Willie Davis and the South Carolina Department of Corrections ("SCDC") answer the Plaintiff's Amended Complaint herein as follows:

## FOR A FIRST DEFENSE

1. The Defendants Davis and SCDC deny each and every allegation of the Plaintiff's Amended Complaint not hereinafter specifically admitted, qualified, or explained.

2. The allegations set forth in Paragraph 1 of the Plaintiff's Amended Complaint are denied.

3. As to the allegations set forth in Paragraph 2 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit that the Defendant Willie Davis is currently an employee of

1

SCDC and is a former warden at Trenton Correctional Institution. The remaining allegations set forth in Paragraph 2 are denied as stated.

4. As to the allegations set forth in Paragraph 3 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit that the Defendant Gary Lane is a former employee of SCDC and is a former warden at Kershaw Correctional Institution. The remaining allegations set forth in Paragraph 3 are denied as stated.

5. The allegations set forth in Paragraph 4 of the Plaintiff's Amended Complaint are denied.

6. As to the allegations set forth in Paragraph 5 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit that the South Carolina Department of Corrections is an agency of the State of South Carolina and subject to suit under the South Carolina Tort Claims Act. Further answering, the Defendants Davis and SCDC deny that SCDC was previously identified as John Doe #10 in the Complaint.

7. As to the allegations set forth in Paragraph 6 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit that the Plaintiff was an inmate assigned to Trenton Correctional Institution from February 14, 2017 through May 11, 2017.

8. As to the allegations set forth in Paragraphs 7 and 8 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC lack sufficient information to admit or deny those allegations as alleged, and as a result, deny those allegations.

9. As to the allegations set forth in Paragraph 9 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit only that following the incident occurring on April 21, 2017, the Plaintiff was removed from Dorm 3 Delta and placed in a holding cell.

10.     As to the allegations set forth in Paragraph 10 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC lack sufficient information to admit or deny those allegations as alleged, and as a result, deny those allegations.

11.     The allegations set forth in Paragraph 11 of the Plaintiff's Amended Complaint are denied.

12.     As to the allegations set forth in Paragraph 12 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit only that the Plaintiff was seen by medical personnel on April 23, 2017, as well as earlier, and that Plaintiff received a three-day regimen of ibuprofen on that date.

13.     As to the allegations set forth in Paragraph 13 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit only that on April 24, 2017, medical personnel requested and received permission to continue the Plaintiff on ibuprofen beyond the original three-day regimen.

14.     As to the allegations set forth in Paragraph 14 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit only that the Plaintiff was transported to Kirkland Correctional Institution for a cervical x-ray on April 26, 2017.  The remaining allegations of Paragraph 14 are denied.

15.     As to the allegations set forth in Paragraph 15 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC admit only that the Plaintiff was seen by a dentist on May 9, 2017. The remaining allegations of Paragraph 15 are denied.

16.     The allegations set forth in Paragraph 16 of the Plaintiff's Amended Complaint are denied.

17.     The allegations set forth in Paragraph 17 of the Plaintiff's Amended Complaint are admitted.

18.     The allegations set forth in Paragraph 18 of the Plaintiff's Amended Complaint are denied as stated.

19.     The allegations set forth in Paragraphs 19, 20, and 21 of the Plaintiff's Amended Complaint are denied

20.     As to the allegations set forth in Paragraph 22 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC repeat and reiterate the corresponding responses of this Answer as if fully repeated herein verbatim.

21.     The allegations set forth in Paragraph 23 of the Plaintiff's Amended Complaint, including all subparts, are denied.

22.     The allegations set forth in Paragraphs 24, 25, and 26 of the Plaintiff's Amended Complaint are denied.

23.     As to the allegations set forth in Paragraph 27 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC repeat and reiterate the corresponding responses of this Answer as if fully repeated herein verbatim.

24.     The allegations set forth in Paragraphs 28, 29, 30, 31, and 32 of the Plaintiff's Amended Complaint are denied.

25.     As to the allegations set forth in Paragraph 33 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC repeat and reiterate the corresponding responses of this Answer as if fully repeated herein verbatim.

26.     The allegations set forth in Paragraphs 34, 35, 36, 37, 38, 39, and 40 of the Plaintiff's Amended Complaint are denied.

27.     As to the allegations set forth in Paragraph 41 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC repeat and reiterate the corresponding responses of this Answer as if fully repeated herein verbatim.

28. The allegations set forth in Paragraphs 42, 43, 44, 45, 46, 47, and 48 of the Plaintiff's Amended Complaint are denied.

29. As to the allegations set forth in Paragraph 49 of the Plaintiff's Amended Complaint, the Defendants Davis and SCDC repeat and reiterate the corresponding responses of this Answer as if fully repeated herein verbatim. The Defendants Davis and SCDC object to the jumbling of causes of action.

30. The allegations set forth in Paragraph 50 of the Plaintiff's Amended Complaint state a legal conclusion to which no response is required.

31. The allegations set forth in Paragraph 51 of the Plaintiff's Amended Complaint, including all subparts, are denied.

32. The allegations set forth in Paragraph 52 of the Plaintiff's Amended Complaint are denied.

33. The Defendants Davis and SCDC denies the allegations and relief sought as set forth in the prayer of the Plaintiff's Amended Complaint.

## FOR A SECOND DEFENSE

34. The Amended Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted. The Defendants Davis and SCDC reserve their right to file a motion pursuant to Rule 12(b)(6), FRCP, and/or Rule 12(c), FRCP.

## FOR A THIRD DEFENSE

35. The Plaintiff's claims are, in whole or in part, barred or limited by application of the Prison Litigation Reform Act, including 42 U.S.C. § 1997e(e).

## FOR A FOURTH DEFENSE

36. The Plaintiff has failed to properly and completely exhaust his administrative remedies.

**FOR A FIFTH DEFENSE**

37. The Plaintiff's claims are, in whole or in part, barred by the applicable statutes of limitations, including S.C. Code Ann. § 15-78-110.

**FOR A SIXTH DEFENSE**

38. The Defendant Davis, in his official capacity, is entitled to Eleventh Amendment and sovereign immunity.

**FOR A SEVENTH DEFENSE**

39. The Defendant Davis pleads qualified immunity from suit under the holding of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), as a complete bar to any liability.

**FOR AN EIGHTH DEFENSE**

40. The Defendant SCDC asserts the defense of sovereign immunity, pursuant to the terms of the South Carolina Tort Claims Act, including but not limited to the definition of "loss" as set forth in S.C. Code Ann. § 15-78-30(f), the damages caps set forth in S.C. Code Ann. § 15-78-120, and the bar on the recovery of punitive damages, pre-judgment interest, and attorney's fees.

**FOR A NINTH DEFENSE**

41. The Defendant SCDC is absolutely immune from suit pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq.*, specifically the immunities set forth in S.C. Code Ann. § 15-78-60(1), (2), (3), (4), (5), (6), (17), (20), and (25).

**FOR A TENTH DEFENSE**

42. The Defendant SCDC is entitled to absolute immunity under *Long v. Seabrook* and its progeny.

6

## FOR AN ELEVENTH DEFENSE

43. The Plaintiff's state law claim is barred or subject to a reduction of recovery by his own comparative fault, including but not limited to his assumption of the risk of harm, his failure to use reasonable care to protect himself from harm, and his actions as a participant in the altercation that resulted in his injury.

## FOR A TWELFTH DEFENSE

44. The Plaintiff has failed to join the parties necessary for just adjudication, and therefore, this action should be dismissed pursuant to Rule 12(b)(7), Fed. R. Civ. P.

## FOR A THIRTEENTH DEFENSE

45. The Plaintiff has failed to mitigate his damages, thereby barring his recovery in whole or in part.

## FOR A FOURTEENTH DEFENSE

46. The Plaintiff's state tort claim is barred by the intervening and/or superseding criminal acts of a third party or parties over whom the Defendant SCDC had no notice, knowledge or control.

## FOR A FIFTEENTH DEFENSE

47. The Plaintiff's state tort claim is barred, in whole or in part, by the defense of mutual combat.

## FOR A SIXTEENTH DEFENSE

48. The Defendant SCDC alleges that any damages alleged to have been caused by SCDC, which are specifically denied, must be apportioned between all parties or potential parties, pursuant to S.C. Code Ann. § 15-78-100(c) and/or S.C. Code Ann. § 15-38-15.

## FOR A SEVENTEENTH DEFENSE

49. To the extent that the Plaintiff is suing the Defendant SCDC for medical malpractice or medical negligence, the Plaintiff's failure to file an expert affidavit as required by S.C. Code Ann. § 15-36-100 is a complete bar to any such claim.

WHEREFORE, having fully answered the Plaintiff's Amended Complaint, the Defendants Willie Davis and the South Carolina Department of Corrections pray that the Amended Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

LINDEMANN, DAVIS & HUGHES, P.A.

BY: *s/ Andrew F. Lindemann*
ANDREW F. LINDEMANN        #5070
5 Calendar Court, Suite 202
Post Office Box 6923
Columbia, South Carolina 29260
(803) 881-8920
Email: andrew@ldh-law.com

*Counsel for Defendants Willie Davis and South Carolina Department of Corrections*

August 27, 2020