# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ROCK HILL DIVISION

| | |
|---|---|
| Paul Morphy, ) | |
| ) | Civil Action No. 1:20-02788-JMC-SVH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Willie Davis, individually and/or in his ) | **ANSWER TO AMENDED COMPLAINT** |
| official capacity as warden at Trenton ) | **OF DEFENDANT LANE** |
| Correctional Institution; Gary Lane, ) | **(Jury Trial Requested)** |
| individually and/or in his official capacity ) | |
| as warden at Kershaw Correctional ) | |
| Institution; and John Does 1-9, individually ) | |
| and/or in their official capacities as ) | |
| employees of the South Carolina ) | |
| Department of Corrections; and the ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Defendant Gary Lane answers the Plaintiff's Amended Complaint herein as follows:

### FOR A FIRST DEFENSE

1. The Defendant Lane denies each and every allegation of the Plaintiff's Amended Complaint not hereinafter specifically admitted, qualified, or explained.

2. The allegations set forth in Paragraph 1 of the Plaintiff's Amended Complaint are denied.

3. As to the allegations set forth in Paragraph 2 of the Plaintiff's Amended Complaint, the Defendant Lane admits that the Defendant Willie Davis is currently an employee of SCDC and

1

is a former warden at Trenton Correctional Institution. The remaining allegations set forth in Paragraph 2 are denied as stated.

4. As to the allegations set forth in Paragraph 3 of the Plaintiff's Amended Complaint, the Defendant Lane admits that he is a former employee of SCDC and is a former warden at Kershaw Correctional Institution. The remaining allegations set forth in Paragraph 3 are denied as stated.

5. The allegations set forth in Paragraph 4 of the Plaintiff's Amended Complaint are denied.

6. As to the allegations set forth in Paragraph 5 of the Plaintiff's Amended Complaint, the Defendant Lane admits that the South Carolina Department of Corrections is an agency of the State of South Carolina and subject to suit under the South Carolina Tort Claims Act. Further answering, the Defendant Lane denies that SCDC was previously identified as John Doe #10 in the Complaint.

7. As to the allegations set forth in Paragraph 6 of the Plaintiff's Amended Complaint, the Defendant Lane admits that the Plaintiff was an inmate assigned to Trenton Correctional Institution from February 14, 2017 through May 11, 2017.

8. As to the allegations set forth in Paragraphs 7 through 16 of the Plaintiff's Amended Complaint, the Defendant Lane lacks sufficient information to admits or denies those allegations as alleged, and as a result, denies those allegations.

9. The allegations set forth in Paragraph 17 of the Plaintiff's Amended Complaint are admitted.

10. The allegations set forth in Paragraph 18 of the Plaintiff's Amended Complaint are denied as stated.

11. The allegations set forth in Paragraphs 19, 20, and 21 of the Plaintiff's Amended Complaint are denied

12. As to the allegations set forth in Paragraph 22 of the Plaintiff's Amended Complaint, the Defendant Lane repeats and reiterates the corresponding responses of this Answer as if fully repeated herein verbatim.

13. The allegations set forth in Paragraph 23 of the Plaintiff's Amended Complaint, including all subparts, are denied.

14. The allegations set forth in Paragraphs 24, 25, and 26 of the Plaintiff's Amended Complaint are denied.

15. As to the allegations set forth in Paragraph 27 of the Plaintiff's Amended Complaint, the Defendant Lane repeats and reiterates the corresponding responses of this Answer as if fully repeated herein verbatim.

16. The allegations set forth in Paragraphs 28 through 32 of the Plaintiff's Amended Complaint are denied.

17. As to the allegations set forth in Paragraph 33 of the Plaintiff's Amended Complaint, the Defendant Lane repeats and reiterates the corresponding responses of this Answer as if fully repeated herein verbatim.  The Defendant Lane objects to the jumbling of causes of action.

18. The allegations set forth in Paragraphs 34 through 40 of the Plaintiff's Amended Complaint are denied.

19. As to the allegations set forth in Paragraph 41 of the Plaintiff's Amended Complaint, the Defendant Lane repeats and reiterates the corresponding responses of this

Answer as if fully repeated herein verbatim. The Defendant Lane objects to the jumbling of causes of action.

20.     The allegations set forth in Paragraphs 42 through 48 of the Plaintiff's Amended Complaint are denied.

21.     As to the allegations set forth in Paragraph 49 of the Plaintiff's Amended Complaint, the Defendant Lane repeats and reiterates the corresponding responses of this Answer as if fully repeated herein verbatim. The Defendant Lane objects to the jumbling of causes of action.

22.     The allegations set forth in Paragraph 50 of the Plaintiff's Amended Complaint state a legal conclusion to which no response is required.

23.     The allegations set forth in Paragraph 51 of the Plaintiff's Amended Complaint, including all subparts, are denied.

24.     The allegations set forth in Paragraph 52 of the Plaintiff's Amended Complaint are denied.

25.     The Defendant Lane denies the allegations and relief sought as set forth in the prayer of the Plaintiff's Amended Complaint.

## FOR A SECOND DEFENSE

26.     The Amended Complaint, in whole or in part, fails to state a cause of action upon which relief may be granted. The Defendant Lane reserves his right to file a motion pursuant to Rule 12(b)(6), FRCP, and/or Rule 12(c), FRCP.

## FOR A THIRD DEFENSE

27.     The Plaintiff's claims are, in whole or in part, barred or limited by application of the Prison Litigation Reform Act, including 42 U.S.C. § 1997e(e).

**FOR A FOURTH DEFENSE**

28. The Plaintiff has failed to properly and completely exhaust his administrative remedies.

**FOR A FIFTH DEFENSE**

29. The Plaintiff's claims are, in whole or in part, barred by the applicable statutes of limitations, including S.C. Code Ann. § 15-78-110.

**FOR A SIXTH DEFENSE**

30. The Defendant Lane, in his official capacity, is entitled to Eleventh Amendment and sovereign immunity.

**FOR A SEVENTH DEFENSE**

31. The Defendant Lane pleads qualified immunity from suit under the holding of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), as a complete bar to any liability.

**FOR AN EIGHTH DEFENSE**

32. The Plaintiff has failed to join the parties necessary for just adjudication, and therefore, this action should be dismissed pursuant to Rule 12(b)(7), Fed. R. Civ. P.

**FOR A NINTH DEFENSE**

33. The Plaintiff has failed to mitigate his damages, thereby barring his recovery in whole or in part.

WHEREFORE, having fully answered the Plaintiff's Amended Complaint, the Defendant Gary Lane prays that the Amended Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

                        LINDEMANN & DAVIS, P.A.

                        BY: *s/ Andrew F. Lindemann*
                             ANDREW F. LINDEMANN    #5070
                             5 Calendar Court, Suite 202
                             Post Office Box 6923
                             Columbia, South Carolina 29260
                             (803) 881-8920
                             Email: andrew@ldlawsc.com

                        *Counsel for Defendants Willie Davis, Gary Lane, and South Carolina Department of Corrections*

January 27, 2021