UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| **Paul Morphy** | № 1:20-cv-02788-JMC-SVH |
| Plaintiff, | |
| v. | **Motion to Strike Answer of Defendant South Carolina Department of Corrections** |
| **Willie Davis**, individually and/or in his official capacity as warden at Trenton Correctional Institution; **Gary Lane**, individually and/or in his official capacity as warden at Kershaw Correctional Institution; **John Does 1-9**, individually and/or in their official capacities as employees of the South Carolina Department of Corrections; and the **South Carolina Department of Corrections**; | |
| Defendants. | |

Plaintiff, pursuant Fed. R. Civ. P. 41(b), 37(d)(1)(A)(i) & 37(d)(3), moves[1] to strike the answer of Defendant South Carolina Department of Corrections for failing to appear at its October 29, 2021, deposition. Plaintiff would show the following in support of his motion:

### Nature of the Case

This is a civil rights and Tort Claims act action alleging the individual Defendants (former wardens) and the South Carolina Department of Corrections failed to keep Plaintiff safe from other inmates, leading to his April 21, 2017 assault. Plaintiff further alleges Defendants

---

[1] Pursuant to LCR 7.04, a supporting memorandum is not necessary. Pursuant to LCR 7.02, the undersigned certifies consultation would serve no useful purpose and/or is not necessary (*i.e.* it is a dispositive motion).

failed to provide him adequate medical care both immediately after his assault and in the subsequent years.

## Relevant Background

Defendant SCDC was served with Plaintiff's first interrogatories and first requests to produce on August 27, 2020. (ECF Entry 13). SCDC did not timely respond to these requests, and after repeated assurances and meet-and-confer emails (Ex. B pp. 1-4; ECF Entry 13 p. 1), SCDC served incomplete responses to these requests on January 12, 2021. (Ex. A pp. 1-9, 12-25). Plaintiff served a second set of requests to produce (one request for post orders) on January 31, 2021. (Ex. C). After roughly half a year of assurances and meet-and-confer emails (Ex. B pp. 5-15), SCDC served incomplete supplemental responses on August 21, 2021. (Ex. A p. 10-11, 26-29). After an additional fruitless meet-and-confer and scheduling email (Ex. B pp. 16), Plaintiff noticed the depositions of the Defendants (Ex. B pp. 17-25), in order to obtain their testimony before the discovery deadline of October 29, 2021 from the Second Amended and Final Scheduling Order (ECF Entry 20). Defendants' counsel contacted Plaintiff's counsel and informed him that the Defendants would not be attending their depositions; Defendants Davis and Lane made themselves available for deposition outside of the scheduling order's deadline. (Ex. B p. 29). SCDC's deposition was never taken, and SCDC never provided a response to Plaintiff's second requests to produce.

## Argument

Rule 37 provides for sanctions against a party if it fails to appear at its own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Any of the potential sanctions of Rule 37(b)(2)(A), plus attorney's fees and costs, are available. Fed. R. Civ. P. 37(d)(3). Striking of pleadings (*i.e.* SCDC's answer) is one of the potential sanctions. Fed. R. Civ. P. 37(b)(2)(A)(iii).

Striking an answer (which is functionally the same as dismissing an action) is a harsh sanction, and this Court must consider four criteria in ordering it:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. The facts support the Plaintiff in each of these criteria:

<u>Whether the noncomplying party acted in bad faith</u>

SCDC engaged in a pattern of delay in responding to Plaintiff's discovery requests. Any time Plaintiff suggested a motion to compel or a discovery conference call was appropriate, SCDC would provide Plaintiff with enough documents to effectively "reset" the discovery clock, but never enough to fully respond. (Ex. B). The effect of this "slow drip" of information was to delay the depositions of the Defendants, which Plaintiff would not notice without the documents he would need to introduce as exhibits. (Ex. B pp. 10, 11, 16; ECF Entry 13 p. 2). When Plaintiff finally noticed SCDC's deposition on October 19, 2021, SCDC refused to appear, allowing the discovery deadline (October 29) to expire. Unlike the individual Defendants, SCDC did not make itself available for deposition after the discovery deadline, leaving Plaintiff with no recourse to compel it. (Ex. B p. 29).

<u>Amount of prejudice to Plaintiff</u>

SCDC's notice of deposition was designed to obtain the information SCDC refused to provide in its written discovery responses. For example, it requested information on the April 21, 2017 assault of the Plaintiff; SCDC protective custody procedures; SCDC intake and classification procedures; Plaintiff's medical treatment, or lack thereof, by SCDC; photographs

taken of Plaintiff after his assault; the post orders in effect when Plaintiff was assaulted; and other relevant materials. (Ex. B pp. 18-21). SCDC never provided written discovery addressing these topics, so they were to be addressed during SCDC's deposition. Plaintiff also sought testimony regarding documents SCDC did provide, such as the incident reports & MINs from Plaintiff's assault (0518, 0739-0743, 0755-0757, 0766), Plaintiff's cell/job assignments on the day he was transferred (0519, 0520), Plaintiff's bed history (0994-0995), Plaintiff's medical grievances (0747-0752), Plaintiff's request for protective custody (0521-0527), critical medical records rendered illegible (0171-0172), records of Plaintiff's medication after assault (0062), and disciplinary records for the individual Defendants (1005-1007, 1012-1013, 1087-1088, 1093-1095, 1472-1478, 1526). (Ex. B pp. 20-21).

Without deposition testimony to fill the gaps[2] of SCDC's deficient discovery responses, Plaintiff cannot finish building his case and cannot prepare for trial. *See Ashmore v. Allied Energy, Inc.*, No. 8:14-CV-00227-JMC-2, 2015 WL 12837648, at *1 (D.S.C. Dec. 9, 2015) (stating that Rule 26(b) "is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case."). The lack of post orders, and any information about them, is particularly important, as they establish the duties and responsibilities of SCDC employees assigned to authorized security posts (Ex. D p. 5 #17), which is highly relevant to all causes of action. Plaintiff's lack of protective custody at Trenton Correctional Institution provided Plaintiff's assailants the opportunity to attack him. Defendant Davis's absence from TCI, caused by his disciplinary suspension from SCDC (bates 1012-1013), occurred during Plaintiff's transfer to TCI.

---

[2] Though the individual Defendants graciously made themselves available for deposition after the discovery deadline, their depositions could not fill the gaps in SCDC's responses, as they engaged in "bandying". *See Alexander v. F.B.I.*, 186 F.R.D. 148, 151-52 (D.D.C. 1999) (Rule 30(b)(6) created to prevent "bandying").

<u>The need for deterrence</u>

SCDC's discovery conduct is frequently the subject of litigation in this District. For example, plaintiffs have sought to sanction SCDC for discovery misconduct in *Wilson v. Eagleton*, 1:18-cv-00050-RMG-MGB (Motion for Sanctions filed December 30, 2019)[3] and *Bartlette v. SCDC*, 2:17-cv-3031-RMG-MGB (Motion for Sanctions filed December 2, 2019).[4] Judge Gergel of this District has likewise expressed his displeasure at SCDC's discovery tactics in a hearing in *Wilson*. (Ex. E).

<u>The effectiveness of less drastic sanctions</u>

No lesser sanction is appropriate. As set forth above, Plaintiff cannot finish building his case and cannot prepare for trial against SCDC. SCDC's past behavior in this case, and others, leaves Plaintiff with no faith it would *fully* comply with a court order compelling its attendance at a deposition. Other sanctions would effectively direct the trier of fact to find for the Plaintiff, and would thus be tantamount to striking SCDC's answer.

## **Conclusion**

The motion should be granted.

Dated: 11/15/2021					/s/ Jason Scott Luck
							Jason Scott Luck
							P.O. Box 47
							Bennettsville, SC 29512
							843.479.6863 (o)
							843.479.7222 (f)
							**Attorney for Plaintiff**

---

[3] Available at: https://ecf.scd.uscourts.gov/doc1/163011076213
[4] Available at: https://ecf.scd.uscourts.gov/doc1/163011027555